UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND ZARECK, | ) | CASE NO. 4:18 CV 334 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION | ) | AND ORDER |
| OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Introduction**

*Pro se* Plaintiff Raymond Zareck is a federal prisoner currently incarcerated in the Federal Correctional Institution in Jesup, Georgia (Jesup FCI). He has filed a fee-paid complaint in this action pursuant to 42 U.S.C. § 1983 against the Corrections Corporation of America (CCA), a private company that owns and manages a federal correctional facility located in Youngstown, Ohio where he was previously incarcerated, Warden Michael Pugh, Acting Warden Dennis Johnson, and the prison "Food Service Administrator" and "Food Service Supervisor." (Doc. No. 1.)

The plaintiff alleges that "the staff at CCA Youngstown" negligently caused his federal Constitutional rights to be violated because, during his custody there, he and other Muslim inmates were fed pork products "that the defendants portrayed as turkey" on several occasions, and pork products are "prohibited to be consumed by persons of the Islamic faith." (Doc. No. 1 at ¶¶ 11, 16.) The plaintiff pursued the "prisoner grievance procedure available at the CCA to try and resolve the

problem" and "was told that he would be all right, and that it was an [isolated] incident." (*Id*. at ¶ 14.) However, the plaintiff alleges that he has been mentally and emotionally injured by the defendants' conduct and seeks a declaratory judgment that his rights were violated, a preliminary and permanent injunction ordering the defendants "to cease their actions," and $78,000 in compensatory damages. (*Id*. at ¶¶ 11, 16.)

**Standard of Review**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the lenient treatment generally accorded *pro se* pleadings "has limits" and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A district court may *sua sponte* dismiss a fee-paid complaint for lack of subject matter jurisdiction at any time pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) when the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Sua sponte* dismissal of a fee-paid complaint is appropriate without affording the plaintiff an opportunity to amend where the plaintiff's claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480.

**Analysis**

The Court finds plaintiff's complaint must be dismissed pursuant to *Apple v. Glenn*. Although the plaintiff indicates his action is brought pursuant to 42 U.S.C. § 1983, he is a federal prisoner who does not allege any wrongful conduct by a state actor. His suit therefore must construed as brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which recognized a limited cause of action for damages against federal actors who commit

2

constitutional rights violations. The Supreme Court has made clear, however, that a *Bivens* action does not lie against entities, including private entities that own and operate a federal prison such as CCA. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63 (2001) (explaining that *Bivens* claims may only be brought against individual federal officers). Further, in *Minneci v. Pollard*, 565 U.S. 118, 131 (2012), the Supreme Court held that no *Bivens* action lies against "privately employed personnel working at a privately operated federal prison" for constitutional rights violations where the conduct alleged "is of a kind that typically falls within the scope of traditional state tort law."

The Supreme Court recently re-emphasized in *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017) that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity" and that "a *Bivens* remedy will not be available if there are "special factors counselling hesitation in the absence of affirmative action by Congress.'" In *Howard v. Lackey*, Case No. 7: 16 CV 129, 2018 WL 1211113, at *3 (E.D. Ky. Mar. 7, 2018), the court held that a number of special factors precluded a prisoner from asserting a First Amendment claim under *Bivens* against a federal official, including "that the Supreme Court has never recognized a *Bivens* remedy under the First Amendment in any context" and that the plaintiff had an alternative, existing avenue for relief for the conduct he alleged through the BOP's administrative remedy process.

Pursuant to the Supreme Court's decisions in *Malesko*, *Minneci*, and *Ziglar*, the plaintiff has no plausible damages remedy under *Bivens* for the constitutional claims he alleges against the defendants in this case. Further, to the extent the plaintiff seeks injunctive and declaratory relief, his claims are now moot since he is no longer incarcerated in "CCA Youngstown." *See Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (a prisoner's claim for declaratory and injunctive

3

relief against certain prison officials became moot once the prisoner was transferred from the prison of which he complained to a different facility; *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("a transfer from a prison facility moots an action for injunctive relief against the transferring facility").

**Conclusion**

Accordingly, for the reasons stated above, the plaintiff's complaint is dismissed pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

July 3, 2018

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE